# Vermont Baptist Convention v. Burlington Zoning Board

[613 A.2d 710]

No. 91-333

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 17, 1992

*Joseph F. Obuchowski* of *Carroll, Obuchowski & Scribner,* Burlington, for Plaintiff-Appellant.

*Janet Murnane,* Assistant City Attorney, Burlington, for Defendant-Appellee.

**Allen, C.J.** Plaintiff appeals a superior court judgment affirming a determination by the Burlington Zoning Board of Adjustment that plaintiff's use of its property constituted a permitted "semi-public" use under the City of Burlington zoning ordinance. We reverse.

Plaintiff serves Baptist Churches by providing program materials, publishing news magazines, and managing trust funds. Its business offices are located on the ground floor of the property at issue, where it has performed its administrative functions since 1967. The property is located in the "R-40" district under the zoning ordinance. The second floor of the building contains three residential apartments. Plaintiff has used the property for this mixed residential-commercial purpose since it purchased the building in 1967, but has never used the offices for worship, counseling, or any traditional church functions. In 1986, a zoning ordinance amendment eliminated offices as a permitted use in the "R-40" district except under limited circumstances not applicable here.

A prospective purchaser of the property requested that plaintiff obtain a determination by the City of Burlington Zoning Board of Adjustment that the property could continue to be used for offices. The purchaser planned to use the ground floor as offices for commercial mortgage brokering while continuing to use the second floor as apartments. Plaintiff contended that such use of the property would be permitted because plaintiff enjoyed a prior nonconforming use that it could convey to the purchaser. The Zoning Board disagreed and classified plaintiff's use as a permitted "semi-public" use, which is defined by the ordinance to include nonprofit operations. The prospective purchaser is a for-profit entity and therefore could not use the property as desired.

Plaintiff appealed to the superior court for de novo review of the Zoning Board's decision. Ruling on stipulated facts, the trial court granted the Zoning Board's cross-motion for summary judgment. The court concluded that plaintiff's activities were "nonprofit operations" under the definition of semi-public use and affirmed the Zoning Board's decision. We hold that plaintiff's use of its property constituted a prior nonconforming use.

██ The zoning ordinance defines "semi-public" use as including "churches, membership clubs and other non-profit operations." The Zoning Board argues that plaintiff's activity is a semi-public use because plaintiff is a nonprofit organization. However, when construing an enactment with a series of defining terms, we will apply the rule of *ejusdem generis*, and the latter general terms will be construed to "include only those things similar in character to those specifically defined." *Kalakowski v. John A. Russell Corp.*, 137 Vt. 219, 224, 401 A.2d 906, 909 (1979). Therefore, we must read "non-profit operations" in light of the character of churches and membership clubs. Administrative office use is not consistent with the general nature of churches and membership clubs because offices are not subject to the membership traffic associated with these operations. This distinction is further supported by use of the word "semi-*public*," which implies operations that involve a degree of public interaction. Plaintiff used the building as a business operation and never provided religious services such as worship, study, or recreation. We conclude that "nonprofit operations" does not include plaintiff's administrative office functions, and that the Zoning Board misclassified plaintiff's property use as "semi-public."

██ The Zoning Board's position would allow the zoning ordinance to be construed as permitting regulation of property based on the identity of the owner, not the use of the land. This result is inconsistent with the Legislature's grant of authority to adopt zoning regulations. 24 V.S.A. § 4401. See *Flanders Lumber & Building Supply Co. v. Town of Milton*, 128 Vt. 38, 45, 258 A.2d 804, 808 (1969) (the zoning power of a municipality exists "only in accordance with, and subject to, the terms and conditions imposed by the state in making the power grant"). The Legislature has authorized municipalities to regulate the following:

(A) Specific uses of land, water courses and other bodies of water;

(B) Dimensions, location, erection, construction, repair, maintenance, alteration, razing, removal and use of structures;

(C) Areas and dimensions of land and bodies of water to be occupied by uses and structures, as well as areas, courts,

yards and other open spaces and distances to be left unoccupied by uses and structures;

(D) Density of population and intensity of use.

24 V.S.A. § 4401(b)(1). This enumeration of power refers only to uses and structures, not the identity of the owner. The fact that plaintiff's activities are church-related does not alter the actual use of the property. Furthermore, the use proposed by the prospective purchaser is the same as plaintiff's current use of the property. A distinction based upon the identity of the owner rather than the public health, safety, morals, or general welfare would be invalid. See *Galanes v. Town of Brattleboro*, 136 Vt. 235, 240, 388 A.2d 406, 410 (1978) (the power to zone requires reference to public health, safety, morals, or general welfare).

The trial court found persuasive the Zoning Board's argument that plaintiff's tax-exempt status as a public, pious and charitable organization supports the conclusion that plaintiff's use is semi-public. However, plaintiff's tax status is not relevant to plaintiff's use of its property.

*Reversed.*