**VERMONT AGENCY OF TRANSPORTATION v. Samuel and Annette MAZZA and Munson Earth Moving**

[632 A.2d 363]

No. 93-188

September 22, 1993. Defendant Munson Earth Moving Corporation appeals a necessity determination in a proceeding to condemn land for use as a traffic interchange to connect the Chittenden County Circumferential Highway to Interstate 89 in Colchester. Defendant argues that plaintiff, the Vermont Agency of Transportation, failed to show that construction would be commenced within fifteen years from the date of acquisition, as required by 19 V.S.A. § 502(e). We affirm.

The sole evidence on the question came from the project manager of the circumferential highway project, who testified: "We are expecting that within ten to twelve years factors will be such that it will be built, but we have no firm schedule on it." There was also evidence that another section of the highway, in the Town of Essex, was now being constructed.

The circumferential highway was specifically authorized by the Legislature. See 1985, No. 185 (Adj. Sess.). The authorization states: "The public necessity and convenience continue to require the prompt and efficient acquisition of a four lane right-of-way and actual construction of a Chittenden County Circumferential Highway . . . ." *Id.* § 2(6). In fact, the Legislature specified that all condemnation proceedings involving the highway "shall take precedence over all other causes not involving the public interest in all courts, to the end that completion of [the highway] may be expedited." 19 V.S.A. § 1707; see 1985, No. 185 (Adj. Sess.), § 6(b) (authorizing condemnation proceedings in accordance with 19 V.S.A. § 1707). The Legislature has provided funding for the project only in the context of a five-year project development plan and only for specific sections of the highway. See 1993, No. 61, § 7; 1991, No. 35, § 1(b)(6); 1985, No. 185 (Adj. Sess.), § 7.

The testimony of the Agency representative was that it intended to build the highway section involved within the fifteen-year period, if funding was available. Defendant's complaint of noncompliance must actually be leveled at the Legislature, which has failed to provide an absolute assurance of funding fifteen years hence. We have held that "primarily, the right to declare what shall be deemed a public use is vested in the legislature." *Latchis v. State Highway Bd.*, 120 Vt. 120, 124, 134 A.2d 191, 194 (1957). Our primary goal in interpreting statutes is to implement the intent of the Legislature. *Trombley v. Bellows Falls Union High School Dist. No. 27*, 160 Vt. 101, 110, 624 A.2d 857, 863 (1993). In this case, the legislative intent is clear that it desires the Agency to acquire the land for the highway on an expedited basis.

We will not presume that the Legislature is in conflict with its own directive. Statutes relating to the same subject "should be construed together and in harmony if possible." *Downtown Rutland Special Tax Challengers v. City of Rutland,* 159 Vt. 218, 221, 617 A.2d 129, 131 (1992). We must assume that the Legislature is aware of its own requirement and, by authorizing condemnation proceedings, is committing to provide the necessary funding within the fifteen-year period. That commitment, combined with the Agency's intention to build the road segment, is sufficient to comply with the statute.

*Affirmed.*