# In re Appeal of Beverly Lowe, et al. (Town of Colchester, Appellant)

[666 A.2d 1178]

No. 94-421

Present: **Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 1, 1995

*Marsha Smith Meekins* of *Roesler, Whittlesey, Meekins & Amidon*, Burlington, for Appellant.

*Philip C. Linton* and *Robert H. Rushford* of *Linton & Hobson*, Williston, for Appellees.

**Dooley, J.** The Town of Colchester appeals from the decision of the Chittenden Superior Court that Beverly and Debra Lowe (landowners) do not need a zoning or subdivision permit to convert rental camps on a lot near Lake Champlain to condominium ownership. The town argues that the permit is required by the town's subdivision ordinance and that the ordinance is valid. We affirm.

The lot in question borders Lake Champlain and contains six single-family camps which have been rented in the past. The lot does not conform to current zoning requirements because it contains multiple structures, some of which are too close to the lot boundary. Landowners proposed to transfer legal title to each of the camps to purchasers, who would own a camp building and an undivided interest in the surrounding land. The lot would not be subdivided; no change in the camps or their use is proposed.

The town subdivision regulations define subdivision to include "condominiums and cooperatives for the purpose, whether immediate or future, of sale." Based on these regulations, the Colchester zoning administrator decided that a subdivision permit was required before the condominium sale occurred, and this decision was upheld by the zoning board. On appeal, however, the superior court held the zoning enabling act did not grant the town the power to regulate a change in the form of ownership without physical construction, alteration, or modification of the buildings or a change in use or occupancy. It rejected the town's argument that the change in title is necessarily a change in use.

■ The Vermont Planning and Development Act authorizes a municipality to adopt both zoning and subdivision regulations, see 24 V.S.A. § 4401(b), but contains no definition of subdivision. The zoning authority of a municipality, however, extends to "land development" which is defined to include "the division of a parcel into two or more parcels." *Id.* § 4303(3).

The town makes two arguments to support its contention that it has the authority to regulate condominium sales. First, the town argues that the absence of a statutory definition for "subdivision" gives the town discretion to interpret the word's scope and meaning. Second, the town argues that the definition of "land development," the requirement for zoning review, authorizes a municipality to regulate condominium sales. Landowners, on the other hand, argue that no permit, whether zoning or subdivision, is required in this instance.

In addressing the town's first argument, we do not see controlling significance in the fact that this dispute arose as a ruling that a subdivision permit, rather than a zoning permit, was required. See *Drumheller v. Shelburne Zoning Bd.*, 155 Vt. 524, 527 n.3, 586 A.2d 1150, 1151 n.3 (1990). In ruling on a subdivision request, the planning commission may require that the subdivided plots "at least comply with the requirements [of the zoning ordinance]." 24 V.S.A. § 4417(2). The language suggests that the Legislature did not intend that there be instances where a subdivision permit was required even though there are no applicable zoning requirements. See *Vermont Agency of Transp. v. Mazza*, 161 Vt. 564, 565, 632 A.2d 363, 364–65 (1993) (mem.) (in construing statute, primary goal is to implement legislative intent). Nor would it make sense to require zoning review of a landowner's actions because it involves a subdivision but conclude that subdivision review is definitionally inapplicable. In view of the interrelationship of zoning and subdivision regulation, we believe that the concept of subdivision should be the same for either regulatory scheme. See *Nash v. Warren Zoning Bd.*, 153 Vt. 108, 112, 569 A.2d 447, 450 (1989) (in statutory construction, look to whole statute, subject matter, effects and consequences); *In re McCormick Management Co.*, 149 Vt. 585, 592, 547 A.2d 1319, 1324 (1988) (construe statutes that are part of same overall scheme in pari materia).

For this reason, we reject the town's argument that the lack of a statutory definition for "subdivision" leaves a municipality free to define the term as it deems appropriate.[1] Rather than part of a coordinated whole, this would create inconsistencies in the zoning and subdivision power. We conclude instead that the Legislature's concept of a subdivision can be found within the definition of land development.

---

[1] Landowners argue that the town's statutory arguments were not raised in their present form below and cannot be so raised here. We conclude that they were adequately raised below.

Second, the town argues that the definition of land development is broad enough to authorize a municipality to regulate the conversion of rental units into condominium ownership. The argument is based on the full definition of land development:

> "Land development" means the division of a parcel into two or more parcels, the construction, reconstruction, conversion, structural alteration, relocation or enlargement of any building or other structure, or of any mining, excavation or landfill, and any change in the use of any building or other structure, or land, or extension of use of land.

24 V.S.A. § 4303(3). The town emphasizes the use of the term "conversion," because it is defined in the Vermont Protection of Tenants in Conversion of Rental Units Act as "a change in character of residential real property from a rental to an ownership basis." 27 V.S.A. § 1331(2). It argues that because a condominium conversion triggers zoning review under the definition, it should be treated as a subdivision.

■■ In approaching this question, we have looked at the many cases from other states which support the trial court's conclusion here. Although some states have addressed the issue in their subdivision law, see, e.g., *Cohen v. Town of Henniker*, 593 A.2d 1145, 1147 (N.H. 1991) (statute defines condominium creation as subdivision); *Ohio Mall Contractors, Inc. v. Dickinson*, 585 N.E.2d 506, 508 (Ohio Ct. App. 1990) (statute provides that transfer of condominium ownership is not subdivision), the overwhelming majority of decisions conclude that in the absence of a specific statute, no zoning or subdivision permit is required to establish condominium ownership of rental property. See *City of Miami Beach v. Arlen King Cole Condominium Ass'n*, 302 So. 2d 777, 779 (Fla. Dist. Ct. App. 1974) (no zoning permit required to convert hotel-apartment, a nonconforming use, to condominium ownership); *McHenry State Bank v. City of McHenry*, 446 N.E.2d 521, 524 (Ill. App. Ct. 1983) (municipality may not use zoning power to prevent condominium conversion); *CHR Gen., Inc. v. City of Newton*, 439 N.E.2d 788, 791 (Mass. 1982) (local condominium conversion ordinance is not valid exercise of zoning power because statutory zoning power is restricted to regulating use of property rather than ownership); *Town of York v. Cragin*, 541 A.2d 932, 934 (Me. 1988) (conversion of rental properties into condominium ownership is not subdivision for purposes of statute authorizing subdivision regulation); *Supervisor v. Chase Assocs.*, 510 A.2d 568,

571–72 (Md. 1986) (filing condominium declaration is not subdivision under land use laws); *Maplewood Village Tenants Ass'n v. Maplewood Village*, 282 A.2d 428, 431 (N.J. Super. Ct. Ch. Div. 1971) (condominium conversion does not require subdivision permit because it is "nothing more than a change in the form of ownership" and "use of the land will not be affected"); *Graham Court Assocs. v. Town Council of Chapel Hill*, 281 S.E.2d 418, 420 (N.C. Ct. App. 1981) (change in apartments from tenant rental to condominium ownership does not require zoning permit even though apartment is nonconforming use); *McConnell v. Wilson*, 543 A.2d 249, 251 (R.I. 1988) (conversion of lot into parking condominium is "a mere change in the form of its ownership and not a subdivision of land"); *Baker v. Town of Sullivan's Island*, 310 S.E.2d 433, 436 (S.C. Ct. App. 1983) (conversion of apartment building to condominium ownership is change in form of ownership that does not require zoning permit).[2] These decisions are generally based on the reasoning that the conversion from rental property to condominium ownership is a change of ownership and not a change of use, and thus, is beyond the scope of zoning regulation. We recently adopted this reasoning in *Vermont Baptist Convention v. Burlington Zoning Board*, 159 Vt. 28, 30–31, 613 A.2d 710, 711 (1992), where the zoning board had determined that a transfer of a church's office property to a business was a change in use even though the actual use of the property would not change in the transfer. We ruled:

> The Zoning Board's position would allow the zoning ordinance to be construed as permitting regulation of property based on the identity of the owner, not the use of land. This result is inconsistent with the Legislature's grant of authority to adopt zoning regulations. . . . [The] enumeration of power [in 24 V.S.A. § 4401] refers only to uses and structures, not the identity of the owner. . . . A distinction based upon the identity of the owner rather than the public health, safety, morals, or general welfare would be invalid.

*Id.* at 30–31, 613 A.2d at 711 (citations omitted).

---

[2] The town argues that we should distinguish these cases because of differences in the statutory scheme involved, especially where the court relies on statutes prohibiting discrimination against condominium ownership. This argument can always be made about land use decisions because of the great variation in the statutory schemes adopted by the states. We rely on decisions from other states, however, because of their reasoning which we find instructive in approaching the issue before us.

*Vermont Baptist Convention* rejects the argument the town made to the trial court that a change in the form of ownership was a change in use. Further, we agree with the decisions from other states that the transfer of rental units into condominium ownership is not generally a land development that triggers either zoning or subdivision regulation.

We also conclude that the use of the word "conversion" in the Legislature's definition of land development does not change this reasoning. The definition was created in 1968, see 1967, No. 334 (Adj. Sess.), § 1, almost two decades before the Legislature defined "conversion" in protecting rental property tenants. See 1985, No. 175 (Adj. Sess.), § 5 (adding 27 V.S.A. § 1331(2)). The term was far less likely at that time to refer to the transfer of a condominium interest in former rental property.

Three other reasons suggest rejection of the town's interpretation of the term "conversion." First, it appears in a list of actions that relate to the nature of the structures on the land and their use and not to ownership. Interpreting it to refer to ownership is inconsistent with the statutory construction rule of ejusdem generis which requires that general words be construed in a manner consistent with enumerated words. See *Vermont Baptist Convention*, 159 Vt. at 30, 613 A.2d at 711.

Second, the town's interpretation makes the enabling statute internally inconsistent because, as held in *Vermont Baptist Convention*, the "enumeration of powers refers only to uses and structures." *Id.* at 31, 613 A.2d at 711. The definition the town seeks would be broader than the specific enumeration of zoning powers.

Finally, if the Legislature intended that conversion refer to changes in ownership, the term is misplaced in the section. Rather than being placed among synonyms for physical alteration, it should be placed as an exception or addition to the part of the definition covering "division of a parcel into two or more parcels."

We conclude that the term "conversion" refers to physical alteration or use and not to forms of ownership. The statutory power of a municipality to regulate zoning or subdivision does not extend to changes in form of ownership only. See *In re White*, 155 Vt. 612, 618, 587 A.2d 928, 931 (1990) (town's zoning authority must be "in accordance with, and subject to" terms of zoning-enabling statutes). Accordingly, the Town of Colchester may not require subdivision review of a transfer of interests in rental property for condominium

ownership without finding that the actual use of the property is affected.

*Affirmed.*