## GOLDEN KEY, LLC v. Marie HARPER

[751 A.2d 798]

No. 00-085

April 10, 2000. Tenant Marie Harper appeals from a summary judgment in favor of landlord Golden Key, LLC, in an eviction proceeding. Tenant argues that the court erred in finding that 27 V.S.A. § 1333, which provides extended notice requirements for residential rental units being converted into condominiums, is inapplicable where the existing building is to be demolished and replaced by newly-built condominiums. Because we agree with the court's determination, we affirm.

Marie Harper, who is disabled, has rented an apartment in South Burlington from her landlord, Golden Key, LLC, on a month-to-month basis for three years. Landlord intends to use the land on which the apartment building is located, as well as adjacent property, to erect condominium units. The plans include demolishing the existing buildings to make way for the new construction. After receiving final approval from the planning commission to build the condominiums, landlord served tenant with a notice to vacate, followed by a summons and complaint for a no cause eviction. Landlord provided sixty days notice in accordance with 9 V.S.A. § 4467, which applies to the termination of residential rental agreements. Tenant answered the complaint, raising the defense of failure to give one year written notice to vacate according to the Condominium Ownership Act. See 27 V.S.A. § 1333. Both parties filed motions for summary judgment on the issue of the applicability of the Condominium Ownership Act, and the trial court granted judgment in favor of landlord.

This Court reviews a motion for summary judgment using the same standard as the trial court. See *O'Donnell v. Bank of Vermont*, 166 Vt. 221, 224, 692 A.2d 1212, 1214 (1997). Summary judgment is appropriate when the moving party has demonstrated that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. See *id.* There are no disputed facts in this case. The outcome hinges solely on a question of law, that is, which notice period applies.

Residential rental agreements are generally governed by chapter 137 of Title 9. In a case like this one, where there is no written rental agreement and rent is payable on a monthly basis, only sixty days written notice is required to terminate the tenancy for no cause. 9 V.S.A. § 4467(c)(1). However, 9 V.S.A. § 4467(g) provides an exception: if the building is being converted to condominiums, notice must be given in accordance with the Condominium Ownership Act. See 27 V.S.A. §§ 1331-1339.

The Condominium Ownership Act provides protection to tenants whose rental units are being converted to condominiums. Section 1333(b) provides that if a building is to be "converted," the landlord must give each handicapped tenant a minimum of one year written notice to vacate. Conversion is defined to mean a change in character of residential real property from a rental to an ownership basis. 27 V.S.A. § 1331(2).

We conclude tenant's apartment is not being "converted" within the meaning of 9 V.S.A. § 4467(g) and 27 V.S.A. §§ 1331 and 1333. Conversion from rental units to condominiums generally involves little or no structural change to the property. See, e.g., *Royal Parke Corp. v. Town of Essex*, 145 Vt. 376, 378, 488 A.2d 766, 767 (1985) ("At the time of the change from apartment complex to condominium the property remained physically unaltered."); *In re Lowe*, 164 Vt. 167, 171, 666 A.2d 1178, 1181 (1995) (conversion from rental property to condominium ownership is change of ownership, not change of use, and thus, beyond scope of zoning regulation). In

this case, the entire building is being demolished. See *Park East Apartments, Inc. v. 233 East 86th Street Corp.*, 529 N.Y.S.2d 674, 679 (Civ. Ct. 1988) (newly constructed condominium building built on site of former, demolished building, not a "conversion project" within meaning of Condominium and Cooperative Abuse Relief Act), *aff'd*, 543 N.Y.S.2d 610 (S. Ct. 1989). The demolition and new construction in this case is not a mere "change in character." Thus, it is plain that the Condominium Ownership Act does not apply. See *Russell v. Armitage*, 166 Vt. 392, 403, 697 A.2d 630, 637 (1997) (when meaning of statute is plain on face, we enforce it according to its terms).

Tenant points out that the entire subsection of the Condominium Act dealing with the protection of tenants in the conversion of rental units is made applicable to "the conversion of all residential rental property in the state" by 27 V.S.A. § 1332, and that "property" is defined earlier in the chapter as including the land and the buildings thereon. See 27 V.S.A. § 1302. Because the land in this case is being converted from rental use to condominium use, the tenant argues, the longer notice period set out in § 1333 should apply. Tenant's argument is not persuasive, however, because the specific sections which pertain to notice of eviction refer to the "building," not the "property." See *Stevenson v. Capital Fire Mut. Aid Sys., Inc.*, 163 Vt. 623, 625, 661 A.2d 86, 88 (1995) (more specific statutory provision prevails according to its terms over more general statutory provision). Because the building in this case is not being converted into condominiums, the extended notice provisions of § 1333 do not apply.

*Affirmed. Tenant's motion to stay execution is extended and shall expire on April 14, 2000, at 4:30 p.m.*