STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| **Appeal of Gauthier** | } | **Docket No. 172-9-04 Vtec** |
|  | } |  |
|  | } |  |

### Decision on Appellant's Motion for Summary Judgment

Appellant Vincent Gauthier appealed from decisions of the Zoning Board of Adjustment (ZBA) of the Town of Waitsfield (Town) which upheld a Notice of Violation issued by the Zoning Administrator on November 18, 2003, regarding Appellant's use of his primary residence property. Appellant is represented by F. Brian Joslin, Esq. The Town is represented by Steven F. Stitzel, Esq. No other party has appeared in this proceeding. Now pending before the Court is Appellant's Motion for Summary Judgment on both questions raised in this appeal.

### Procedural History

Mr. Gauthier's first appeal to this Court was assigned Docket No. 44-3-04 Vtec. That appeal was from the denial by the ZBA on February 26, 2004, of Mr. Gauthier's appeal of the notice of violation issued to him by the Waitsfield Zoning Administrator (ZA) by letter dated November 18, 2003. Pursuant to the parties' stipulation, that first appeal (Docket No. 44-3-04 Vtec) was dismissed, without prejudice, so that the matter could be remanded to the ZBA for reconsideration of its February 26, 2004 determination.

By Decision dated September 20, 2004, the ZBA again upheld the ZA's determination that Appellant's use of this property was in violation of the Waitsfield

Zoning Bylaws (Bylaws) in effect as of that date.[1]  In its September 20, 2004 Decision, the ZBA "denie[d] the Applicant's request to utilize a storage shed on his property located in the Agricultural-Residential Zoning District for rental of and/or storage of items associated with a commercial enterprise for which any valid exception thereto has expired."

Appellant then filed a timely appeal with this Court.  In the now-pending appeal (Docket No. 172-9-04 Vtec), Appellant posed the following two questions in his Statement of Questions (paraphrased by the Court):

(a) Was the ZBA's Decision of February 26, 2004 incorrect, when it impliedly found that Appellant had to discontinue use of the existing green storage building located on Appellant's home property?

(b) Was the ZBA's Decision of September 20, 2004 incorrect, when it denied Appellant's request to lease the existing green storage building on his home property to a third party?

In support of both questions presented in the appeal, Appellant argues that because the green storage building has been in existence and used by him for storage of commercial material for more than fifteen years, the individual to whom he sold his business should be allowed to continue to use Appellant's home property in a similar fashion.

## Factual Background

The following facts are undisputed unless otherwise noted.

1.      On February 25, 1983, the Town Zoning Administrator granted Appellant's zoning permit application (Application No. 868) to construct a 40′ by 60′ unheated storage building (the "green storage building"), for equipment and materials

---

[1]  Pursuant to the Court's Interim Order of September 22, 2005, Appellant's counsel provided the Court with copies of the zoning regulations in effect in 1983 (i.e.: the year when Appellant's accessory building was constructed) as well as "the most current version" of those regulations.  The most current regulations were last amended on December 15, 2004.  Even though the pending appeal was filed prior to that date, it does not appear that the Bylaw sections relevant to this appeal were affected by the recent amendments.

related to an existing home occupation, located on the north-easterly corner of Appellant's home property at 44 Maple Lane off of East Warren Road.

2. On June 8, 1983, the Town Zoning Administrator issued a handwritten notice to Appellant stating that "operating the business 'Valley Rent-All' from your home . . . is a zoning violation." The record does not reveal any enforcement action being undertaken by the Town in connection with this notice of violation.

3. On August 8, 1983, the Chair of the Town Planning Commission wrote a letter to Appellant, apparently without the support of all the members of the Planning Commission, stating that "the proposed storage building is presently in conformance" with the Town's Zoning Ordinance and Town Plan, but that the building "is subject to site plan approval . . . since it is a commercial use which requires the Act 250 procedure."

4. Appellant subsequently filed an application with the District 5 Environmental Commission (District Commission) for state land use approval for the green storage building he had previously constructed on his home property.

5. On July 2, 1984, Appellant and his wife incorporated as "Life's Ambitions, Inc."

6. On September 4, 1984, Appellant registered the trade name "Valley Rent-All." The corporate owner of Valley Rent-All is Life's Ambitions, Inc.

7. On February 14, 1985, the District Commission issued Land Use Permit No. 5W0748 to Appellant, allowing construction and use of the green storage building. In its Findings of Fact, the District Commission determined that "[t]his project is essentially a home occupation of a small scale."

8. On March 11, 1987, the ZBA granted a Conditional Use Permit (CUP) to Appellant to erect a retail store building on Lot 9 of the Winter Park Common PUD (the "Winter Park location"), a commercial development in the Irasville section of

downtown Waitsfield which is separate and at some undetermined distance from Appellant's home property.

9. On December 7, 1987, the Town Zoning Administrator wrote a letter to Appellant, informing him that if he planned to continue operating a small engine repair and rental business on his home property, a zoning permit "should be applied for," and otherwise requesting a timetable for relocating Appellant's business activities to the Winter Park location.

10. On December 29, 1987, Appellant responded to the Zoning Administrator's letter of December 7, stating in his letter that he hoped to relocate "the rental business, small engine repairs, and all our offices" to the Winter Park location by "no later than February 1, 1988." Appellant also stated that a pre-existing nonconforming auto body repair shop would remain on his home property.

11. In September of 1988, Appellant moved his business, Valley Rent-All, from his home property to the Winter Park location.

12. The green storage building was used for storing material in connection with Appellant's Valley Rent-All business both before and after the relocation of Valley Rent-All to the Winter Park location in September of 1988.

13. Appellant sold the Valley Rent-All business to James Kohl (Kohl) in January of 2003. This business sale appears to have included the real estate and improvements located at the Winter Park location, the business inventory and assets at both locations (i.e.: the Winter Park complex and the green storage building at Appellant's home property), and a leasing of the green storage building at Appellant's home property.

14. After Appellant sold Valley Rent-All to Kohl, Kohl continued to use the green storage building on Appellant's home property for storage of Valley Rent-All's inventory.

20.     On November 18, 2003, the Zoning Administrator issued a notice of violation (NOV) to Appellant, noting that while some requested clean-up on his home property had been completed, "piles of poles and other paraphernalia" remained.  The NOV also stated that "a tractor trailer has been placed on the premises.  This is considered commercial storage, you do not have a permit for this, and it is not allowed in your zoning district."

21.     On February 26, 2004, the Zoning Board of Adjustment upheld the November 18, 2003 NOV.  The ZBA found that Mr. Kohl was renting space from Appellant to store goods, including a tent and bandstand staging, and that Mr. Kohl dropped off or picked up goods by truck at Appellant's premises one or two times a week.

22.     On September 26, 2004, the ZBA denied Appellant's request to reconsider its February 26, 2004 decision.  Appellant thereafter timely filed the appeal now pending before this Court.

### Discussion

Appellant contends that because he first began using the green storage building on his home property more than fifteen years ago, any enforcement action based upon the NOV was barred by 24 V.S.A. former § 4496(a) (now codified at § 4454(a)).[2] Appellant further argues that in the event the complained of use of the green storage building constitutes a zoning violation, the violation commenced, at the latest, when he moved his business to his new site in the Winter Park complex in September of 1988.  If

---

[2]  The former V.S.A. § 4496(a) stated:

> An action, injunction, or other enforcement proceeding relating to the failure to obtain or comply with the terms and conditions of any required municipal land permit may be instituted under section 1974a, 4444, or 4445 of this title against the alleged offender if the action, injunction, or other enforcement proceeding is instituted within 15 years from the date the alleged violation first occurred and not thereafter.  The burden of proving the date the alleged violation first occurred shall be on the person against whom the enforcement action is instituted.

the Court were to adopt this rationale, Appellant argues that enforcement of the NOV would still be barred by 24 V.S.A. § 4496(a).[3]

The Town argues that it first became aware of the violation within the fifteen-year period mandated by former § 4496(a), and that Appellant has failed to carry his statutory burden of proving that the use of his property in violation of local ordinances began more than fifteen years ago.

To the extent that the cited violation is based upon Appellant's storage use of the green building on his home property, the Town's argument that it acted within fifteen years of first becoming aware of the violation is without merit. It appears undisputable from the Town's own exhibits and Statement of Undisputed Facts that the Town had notice of Appellant's use of this building, at least from the point in time when Appellant developed the Winter Park property. In fact, the Town ZA issued previous notices of violation in 1983 and 1987 to Appellant for his continued use of the storage building on his home property, but chose not to follow those notices with enforcement proceedings. Thus, if the Town were now seeking to initiate enforcement actions supported by the 1983 and 1987 notices, such actions would be absolutely barred by 24 V.S.A. § 4496(a).

Appellant appears to imply that his use of his home property, and particularly the green storage building thereon, has been continuous and has not changed since at least 1988. However, Appellant ceased his use of the green storage building for a home occupation purpose when he sold his business to Kohl in January of 2003. As a component of this business sale, Appellant apparently agreed to lease the green storage building on his home property to Kohl, so that Kohl might continue to use it for storage in connection with Kohl's operation of Valley Rent-All. These actions transformed

---

[3] We note that this appeal does not concern an enforcement action, but rather the NOV. 24 V.S.A. § 4496(a) does not specifically bar the issuance of notices of violation. However, since a notice of violation is the first step necessary when a municipality decides to commence an enforcement action, we believe it appropriate to address the statutory provisions in Appellant's pending appeal.

Appellant from the operator of a business on his home property, to a commercial lessor. This resulted in a change of use by Appellant of the green building on his home property.[4] It is this latter use that it now at issue in this appeal.

It is undisputed that Appellant used the green building as a home occupation, at least prior to Appellant's relocation of his business to the Winter Park location. See District Commission's Supplemental Findings of Fact in Application No. 5W0748 dated February 14, 1985, at 1 ("This project is essentially a home occupation of a small scale"); ZBA Decision dated September 20, 2004, at 3 ("Gauthiers obtained approval in the early 1980's to construct an enclosed storage building on the lot on which they lived for use in connection with the business they were conducting from their home. Whether correctly or not, the Town allowed use of the structure as part of a home occupation business.").

Appellant continued to use the green storage building on his home property for occupational purposes, even after moving his business to the Winter Park location in 1988. Were this use the foundation for the Town's present zoning enforcement efforts, the subsequent enforcement proceeding would be barred by 24 V.S.A. former § 4496(a) and its successor: 24 V.S.A. § 4454(a). But the underlying enforcement efforts refer to a

---

[4] The Vermont Supreme Court has distinguished between "change of ownership" and "change in use," see Appeal of Lowe, 164 Vt. 167, 171 (1995) ("the conversion from rental property to condominium ownership is a change of ownership and not a change of use, and thus, is beyond the scope of zoning regulation"); Vermont Baptist Convention v. Burlington Zoning Bd., 159 Vt. 28, 30-31 (1992) ("The Zoning Board's position would allow the zoning ordinance to be construed as permitting regulation of property based on the identity of the owner, not the use of the land. This result is inconsistent with the Legislature's grant of authority to adopt zoning regulations").

Here, however, Appellant's use of the green storage building has changed from the storage of equipment used in an occupation Appellant operated, at leased in part, from his home, to Appellant's rental of the building to others. The fact that the character of the contents stored in the green building may have remained the same after Appellant's sale of Valley Rent-All to Kohl does not mean that the use remained the same. Our focus must be on the change to the use of Appellant's property, not the new owner of the business. Had Mr. Kohl also purchased Appellant's home property, occupied it as his residence, and continued the prior use of the green building, we would have a different analysis to address in this case.

changed use, different from Appellant's prior home occupation use, and are therefore not time barred by either statutory provision.

Home occupations enjoy a special and distinct designation, and allow for use of residential property that would not otherwise be allowed, absent the use's connection to an applicant's home. Thus, the authority to conduct and continue a use that would not otherwise be allowed in a certain zoning district is conditioned upon the operators of the business also occupying the property as their primary residence. See 24 V.S.A. former § 4406(3) (now codified at 24 V.S.A. § 4412(4)) ("No regulation may infringe upon the right of any resident to use a minor portion of a dwelling for an occupation which is customary in residential areas and which does not change the character thereof"); see also Bylaws § 4.6(A)(1)(2005) ("The home occupation shall be carried on by the residents of the building"); Bylaws § 7.2(2005) (defining the term "home occupation" as "[a]ny use conducted entirely within a dwelling or accessory structure and carried on by the occupants thereof"); In re Appeal of Herrick, 170 Vt. 549, 550 (1999) ("a home occupation plainly must occur in the owner's residence").

Rental of commercial storage space is neither a permitted nor a conditional use in the Agricultural-Residential District. Bylaws Article II, Table 2.7(2005)("Agricultural-Residential District"). Allowing homeowners to carry on "home occupations" consisting of the leasing of their premises to commercial enterprises could yield a perverse result: the expansion of commercial enterprises into residential neighborhoods, by non-residents, in blatant derogation of a municipality's authority to provide for zoning districts restricted to residential purposes. Such an interpretation of "home occupations" would dilute the authority of Vermont municipalities to plan for and regulate orderly development, "with reasonable consideration . . . to the character of each area and to its peculiar suitability for particular uses in relation to surrounding areas." 24 V.S.A. 4302(d).

Appellant's leasing to a third party of the green storage building for commercial storage is not a continuation of his earlier use of the building, but a new and nonconforming use, and thus a new violation of the Town's Zoning Bylaws. The Town's notice of violation was instituted within one year of the date when that new use began in 2003. Therefore, to the extent that the issuance of a notice of violation marks the commencement of enforcement proceedings, the former § 4496(a) does not bar such commencement of enforcement proceedings in this case.

Our determination here answers in the negative both questions in Appellant's Statement of Questions, as both questions turn on the applicability of former § 4496(a) to the notice of violation and the subsequent ZBA decisions on appeal. We are therefore left to determine what remains in this appeal to address. We conclude that there are no legal issues remaining to be addressed in this appeal. There being no remaining legal issues raised in this appeal, we conclude that summary judgment in favor of the Town is appropriate. The procedural fact that the Town has not moved this Court for summary judgment does not prohibit this result, as our procedural Rules provide that "summary judgment when appropriate may be rendered against the moving party." See V.R.C.P. 56(c)(3). We conclude that such a result is appropriate in this case.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Appellant's Motion for Summary Judgment is DENIED. Summary judgment is hereby GRANTED for the Town on questions one and two of Appellant's Statement of Questions. The decision of the Waitsfield Zoning Board of Adjustment dated September 20, 2004 is upheld. This decision concludes the pending appeal.

Done at Berlin, Vermont, this 24th day of January, 2006.

_____
Thomas S. Durkin, Environmental Judge

*9*