STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

                                            }
In re: Bowen Conditional Use Application    }        Docket No. 93-6-10 Vtec
                                            }


Decision and Order on Cross-Motions for Summary Judgment

Appellant Valorie Bowen appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Richford, denying conditional use approval of an application at her residential property characterized by her as being for an outdoor recreation use.  Appellant-Applicant Valorie Bowen (Applicant) is represented by Barry Kade, Esq.; and the Town of Richford is represented by Michael S. Gawne, Esq.

The parties have moved for summary judgment regarding whether the proposed project qualifies as an "outdoor recreation" use, and also regarding which of two editions of the zoning ordinance is applicable to this case.   The following facts are undisputed unless otherwise noted.


In an earlier case involving the same project, appealed as Docket No. 144-7-09 Vtec, Applicant had applied on May 29, 2009 to operate a business on her residential property in the Conservation 1 zoning district of the Town of Richford.  On the application form, Applicant described the present use of the property as "Primary Residence" and described the proposed use as "Primary Residence/Sifting mine dirt for [g]ems and specimens."  She entered "sifting mine dirt" as the project description.

The proposed business involves bringing in mined dirt from a mine or mines

in Maine, containing various mineral samples mixed in the dirt. Applicant proposes to allow customers to purchase the mined dirt by the bucket, and proposes to provide the customers at the site with the use of various tools and facilities, including a portable sluice, to extract mineral specimens on-site from the dirt they have purchased. Applicant proposes to provide an 18' x 40' canopy for shelter for the activity, adjacent to an open 67' x 57' parking area for the use of the customers. The hand-drawn site plan attached to the application showed an "ADA bathroom" diagonally across the parking area from the activity area; however, this toilet facility was later described in the ZBA's 2009 findings as a "port-a-potty." The 2009 hand-drawn site plan also showed an area marked "mining material," a "100' silt fence," and the statement: "cleaned mining material to be used as clean fill for parking area, dirt road etc."

The Zoning Administrator referred the 2009 application to the ZBA with the following notation: "Would require Conditional Use, IF POSSIBLE. Is this commercial use?" The hearing before the ZBA on the 2009 application was noticed for "Conditional Use Variance," for a project described in the public notice as "home[-]based business sifting mine dirt to find gems and specimens," even though Applicant had not in fact requested a variance.[1]

It was not until the 2009 ZBA hearing that Applicant explained that she considered her proposal to be a recreational activity. However, the 2009 application had neither been warned nor considered by the ZBA under either the "outdoor recreation" use category or the "home occupation" use category, both of which are conditional uses in the Conservation 1 zoning district under the 2005 Zoning Bylaws

---

[1] On the record of a December 28, 2009 telephone conference held in Docket No. 144-7-09 Vtec, Attorney Kade confirmed that Applicant did not wish to request a use variance for this activity (as a commercial use not allowed in the Conservation 1 zoning district or as a home business conducted outside the residence or its accessory buildings).

in effect at the time of the 2009 application. Despite the reference to the term "variance" in the public notice for the ZBA hearing, the 2009 application also was not actually considered by the ZBA under the variance criteria. Rather, on July 13, 2009, the ZBA issued a written decision denying the 2009 application as an impermissible commercial use in the Conservation 1 zoning district. Applicant appealed to this Court in Docket No. 144-7-09 Vtec.

On September 24, 2009, the Selectboard published its first public notice for a public hearing on proposed amended zoning bylaws, pursuant to 24 V.S.A. § 4442(a). The proposed amended bylaws, adopted in March of 2010 ("the 2010 Zoning Bylaws") deleted "outdoor recreation" as a use category allowed in the Conservation 1 zoning district.

Because the 2009 application had not been warned for consideration in either the conditional use category of "outdoor recreation" or the conditional use category of "home occupation," and because Applicant wished to have the proposal considered for conditional use approval at least as "outdoor recreation," the Court concluded Docket No. 144-7-09 Vtec as of December 29, 2009 and returned the matter to the ZBA so that it could warn and hold another hearing, and issue another decision, regarding Applicant's original application for conditional use approval of the proposal. However, at that time Appellant did not seek further consideration of the 2009 application, nor did the ZBA proceed to warn a hearing on it for conditional use approval of an outdoor recreation use.

Under 24 V.S.A. § 4449(d), during the period of 150 days following the September 24, 2009 Selectboard public notice, the zoning administrator was required to consider "any new application filed after" September 24, 2009 under the proposed amended bylaws. That period expired on February 21, 2010. The 2010 Zoning Bylaws were adopted on March 2, 2010, having a delayed prospective effective date of July 1, 2010.

3

On March 5, 2010, Applicant filed a new application to have her proposal considered by the ZBA for conditional use approval only as an "outdoor recreation" use. The 2010 application described the proposal as follows:

> An outdoor recreational activity. Import mined dirt from gem mines in Maine. The dirt will be stored outdoors, on a tarp. Customers will purchase dirt by the bucket to be screened and cleaned on site. Screening boxes, tables, and a water recycling sluice for cleaning will be provided.

The hand-drawn site diagram attached to the 2010 application is identical to that attached to the 2009 application, except that Applicant now proposes to provide the "ADA bathroom" for the customers in an area adjacent to the parking lot closer to the activity area, with the notation "screened by natural shrubs." The 2010 application on its face does not state whether this toilet facility also is a portable toilet, as was the 2009 proposal.

Applicable Zoning Bylaws

Section 4449(d) requires any new application filed after, in this case, September 24, 2009, to be "reviewed under existing bylaws and ordinances" in either of two circumstances: "if the proposed bylaw or amendment is rejected," or if "the new bylaw or amendment has not been adopted by the conclusion of the 150-day period." 24 V.S.A. § 4449(d) specifically goes on to allow an application that has been denied under a proposed bylaw or amendment to be resubmitted for consideration under the existing bylaws and ordinances, if the proposed bylaw or amendment has either been rejected or if it "has not been adopted within the 150-day period." This latter language would be redundant if § 4449(d) were only intended to cover situations in which the proposed bylaw or amendment was rejected after the 150-day period had expired.

Zoning ordinances are to be construed in the same manner as statutes,

Appeal of Weeks, 167 Vt. 551, 554 (1998), and courts are instructed to avoid a construction that renders any portion of a statute ineffective or superfluous. See, e.g., In re Miller, 2009 VT 36, ¶ 14, 185 Vt. 550; Murdoch v. Town of Shelburne, 2007 VT 93, ¶ 5, 182 Vt. 587. Therefore, § 4449(d) must require the application to be reviewed under the earlier bylaw in a situation, such as the present one, in which the bylaw was ultimately adopted, but not until after the expiration of the 150-day period.

Although the Court understands the Town's policy argument that an application should be reviewed under a new bylaw if it is filed after that bylaw has been adopted, even during the period before the effective date of that bylaw, that is not what the plain language of the statute now provides. Moreover, by their own terms the 2010 Zoning Bylaws did not take effect until July 2010. That is, the drafters intended that applications filed between the adoption of the new bylaws on March 2, 2010, and their effective date four months later would be considered under the 2005 Zoning Bylaws still in effect during that period. Accordingly, in the present case, Applicant's March 5, 2010 application must be considered under the earlier 2005 Zoning Bylaws, which were still in effect at the time the 2010 application was filed.

Outdoor Recreation

Section 4.7.1 of the 2005 Zoning Bylaws defines the purpose of the Conservation 1 zoning district in full as follows:

> This land has limited suitability for future community growth and development because of severe development limitations, including remote locations, extreme topography, and shallow soils. Regulation in this district is intended to protect the scenic and natural resource values of this land for forestry, wildlife habitat, wetlands, and outdoor recreation. Only limited low-density development is encouraged in this district.

To carry out this purpose, the only permitted uses in the district are agriculture, forestry, and accessory structures and uses. The only conditional uses in the Conservation 1 zoning district under the 2005 Zoning Bylaws—that is, those allowed with conditional use approval from the ZBA if they meet the conditional use standards in § 5.5.4—are seasonal, single-family, or two-family dwellings and their related home occupations; excavation (of on-site earth resources); essential public services; and outdoor recreation.

Appellant's proposal does not fall within the use category of essential public utility or governmental services, nor under the use category of extraction of on-site earth resources, such as gravel pits or rock quarries, which of course must be allowed, if at all, in the location in which the gravel or the rock resource is found. Appellant's proposal also does not fall within the use category of "home occupation," because that term is defined in § 7.2 as an occupation "carried on within a principal or accessory residential structure, which is customarily incidental and secondary to the use of the premises for dwelling purposes, and which does not substantially alter the character thereof."

Appellant only applied for approval of the proposal as an "outdoor recreation" use. The use category of "Recreation - Outdoor" is defined in § 7.2 of the 2005 Zoning Bylaws in full as follows:

> includes golf courses, golf driving ranges, trap, skeet, and archery ranges, swimming pools, skating rinks, tennis courts, riding stables, recreation stadiums, skiing, campgrounds, boys and girls camps[,] and similar places of outdoor recreation.

Appellant argues that the proposed mine dirt importing, sales, and screening/sluicing activity business is an outdoor recreational use falling within the scope of "similar places of outdoor recreation."

First, the interpretation of the general definition of the term "outdoor recreation" must be informed by the stated intent of the ordinance specific to the

6

Conservation 1 district. In re Eustance Act 250 Jurisdictional Opinion, 2009 VT 16, ¶ 14, 185 Vt. 447 (in construing a statute, courts aim to implement the intent of the legislature) In re Casella Waste Mgmt., Inc., 2003 VT 49, ¶ 6, 175 Vt. 335 (paramount function of court is to give effect to the legislative intent); Smith v. Desautels, 2008 VT 17, ¶ 17, 183 Vt. 255 (specific statutory provisions control over more general ones dealing with the same subject matter).

The purpose of regulation specific to the Conservation 1 zoning district is "to protect the scenic and natural resource values of this land for . . . outdoor recreation," and to encourage "only limited low-density development." § 4.7.1. This stated legislative intent assists the Court in interpreting the general definition of outdoor recreation to determine whether the proposed business is a "similar place of outdoor recreation," that is, whether it is similar to the uses listed in the definition. All of the recreational uses listed in the definition are conducted in the out-of-doors, making direct use of the "scenic and natural resource values of [the] land" for the practitioners or participants in the activity. That is, each listed recreational activity either uses the topography of the landscape directly, such as golf courses, ski areas, golf driving ranges, or trap, skeet, or archery ranges, or the listed recreational activities use the scenic and natural resource values of the landscape as an integral part of the activity in its outdoor location.

When construing non-exclusive statutory lists in which a number of specific terms are used followed by a general term, the general term is interpreted to "include only those things similar in character to those specifically defined." See Vermont Baptist Convention v. Burlington Zoning Bd., 159 Vt. 28, 30 (1992) (quoting Kalakowski v. John A. Russell Corp., 137 Vt. 219, 224 (1979)).[2]

---

[2] This Court applied this reasoning to the Town of Addison's zoning ordinance to determine that the (outdoor) recreation use category in that ordinance did not include an airplane landing strip for use by several surrounding neighbors. Noting

7

In contrast to the recreational uses listed in the definition, the proposed mine dirt importing, retail sales, and commercial screening/sluicing business does not involve the scenic and natural resource values of the surrounding land and does not by its nature need to be located in the Conservation 1 zoning district. The proposed business could be set up and operated anywhere in Richford, or, indeed, anywhere in the state, as the mine dirt is imported from out of the area. The proposed business involves providing parking and toilet facilities for its customers, and cannot be characterized as "limited low-density development." Rather, the proposed business involves the commercial retail sale to customers of buckets of imported gem mine dirt. It involves providing those customers with screening and sluicing equipment for them to use to find mineral specimens in their purchased buckets of dirt. In that sense, the business is similar to, for example, a public pottery studio or similar commercial business, in which supplies are sold to customers and at which the business provides the necessary equipment for the customers' use in working with those supplies. Even if such a business were conducted outdoors, it would not be converted to the "outdoor recreation" use category, because it is not similar to the listed outdoor recreation uses specified in the definition. Similarly, Appellant-Applicant's proposed mine dirt importing, retail sales, and commercial screening/sluicing business does not fall within the definition of outdoor recreation in the 2005 Richford Zoning Bylaws.

---

that the ordinance listed "publicly and privately owned and operated playground, playfield, park, open space, swimming pool and skating rink," in the definition, the Court determined that, even if the ordinance had specifically included "other similar uses," the absence of any motorized activities in the list meant that the ordinance excluded such uses "as racing car speedways, snowmobile or off-road vehicle tracks, motorboat marinas, and airstrips." In re: Appeal of Spencer, Docket No. 24-2-98 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. May 17, 1999) (Wright, J.).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that, as to the question of which version of the Zoning Bylaws applies to the present application, Appellant-Applicant's Motion for Summary Judgment is GRANTED and the Town's Motion for Summary Judgment is DENIED: it is the 2005 Zoning Bylaws that apply.

As to the question of whether the application falls within the use category of "outdoor recreation," the Town's Motion for Summary Judgment is GRANTED and Appellant-Applicant's Motion for Summary Judgment is DENIED: the proposed business does not fall within the use category of outdoor recreation. Accordingly, the application for conditional use approval of the proposed business as outdoor recreation must be DENIED, concluding this appeal.

Done at Berlin, Vermont, this 29th day of November, 2010.

_____
Merideth Wright
Environmental Judge

9