*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2016-156

OCTOBER TERM, 2016

| | |
|---|---|
| William Newton | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Civil Division |
| | } |
| Gregory Mack, Casey Mack, Jon Templeton, | } |
| Larkin Realty | } DOCKET NO. 1194-11-13 Cncv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the trial court's order denying a motion to set aside a summary judgment ruling in favor of defendants. We affirm.

Plaintiff buyer purchased a home from defendant sellers, Gregory and Casey Mack, in September 2012. Defendant realtor, Jon Templeton, of defendant realty company, Larkin Realty, represented sellers. Buyer did not use a realtor. In November 2013, buyer filed suit against defendants alleging that eight months after the property was purchased, the septic system failed. Buyer asserted claims of fraud, breach of the implied covenant of good faith and fair dealing, and violation of the Vermont Consumer Fraud Act, claiming that defendants intentionally failed to disclose facts about the property's condition prior to sale. In particular, buyer alleged that while sellers had disclosed that the septic tank was last pumped in March 2012 and that to the best of their knowledge it did not require repair, there was a receipt from a septic service from March 2012 that stated an outlet pipe was broken and needed repair. Buyer also stated that sellers had deceived buyer by stating that the roof had recently been replaced.

Sellers and defendants, realtor and realty company, separately filed motions for summary judgment. Both motions were accompanied by a statement of undisputed material facts, and those statements contained citations to attached evidence, including documents, deposition testimony, and affidavits. Among other things, defendant sellers stated they had no knowledge that the septic system was failing or needed replacement prior to sale. Sellers stated they were not present when the septic system was pumped in March 2012 and had not seen the septic company's invoice, which stated that an outlet break needed repair. Defendants, realtor and realty company, similarly alleged they were not informed of any deficiency in the septic system. Defendants also stated that the roof had indeed been replaced prior to sale. Defendants supported these assertions with reference to evidence in the record, including depositions of Gregory and Casey Mack. Buyer did not respond to these motions.

The trial court granted defendants' motions for summary judgment. The court explained that the undisputed facts showed that the roof had been replaced a few months prior to sale and

that none of the defendants were aware that the septic system had failed. The court therefore concluded that the facts did not support buyer's claims.

Buyer then filed a motion to vacate the summary judgment decision.[1] Buyer argued that the defendants' undisputed facts were supported by deposition testimony, which buyer alleged was contradicted by answers to interrogatories. Buyer also claimed that because the deposition testimony relied on by defendants was inherently not credible, the court could not accept it as an undisputed fact for purposes of summary judgment. The trial court denied the motion to vacate, explaining that there was no basis to disturb the summary judgment ruling because the facts were properly accepted as true. Buyer appealed.

This Court reviews a summary judgment decision using the same standard as the trial court. Golden Key, LLC v. Harper, 170 Vt. 641, 641 (2000) (mem.). Summary judgment is appropriate where there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(a). To demonstrate that a fact cannot be disputed, a party must support the allegation by filing a statement of undisputed facts with citation to materials in the record. V.R.C.P. 56(c)(1)(A). If a party fails to address another party's assertion, the court may "consider the fact undisputed for purposes of the motion." V.R.C.P. 56(e)(2).

Here, defendants moved for summary judgment, arguing that the undisputed facts showed that plaintiff had failed to establish a prima facie case because there was no evidence to show defendants intentionally deceived plaintiff or made an intentional misrepresentation. Defendants submitted facts to show that the roof had been recently replaced and that none of the defendants had knowledge that the septic system was failing. The undisputed evidence in the summary judgment record also showed that plaintiff's own home inspector noted that there were no obvious signs of failure of the septic system, plaintiff experienced no problems with the septic system during his first seven or eight months after purchasing the house, the seller defendants did not at any time experience septic problems while they lived at the property, and plaintiff's own expert testified that the broken outlet pipe that had been noted by the septic service was not the cause of the failure of the septic system and there was no way to determine when the primary cause of the accident—a rotted outlet baffle—arose. Plaintiff did not respond to the motion and did not contradict these facts. Given plaintiff's failure to contradict defendants' asserted facts that were supported by the record, the trial court was within its discretion in accepting defendants' facts as true. Based on these admitted facts, defendants were entitled to summary judgment.

There is no merit to plaintiff's argument that defendants' evidence was insufficient to establish the facts because defendants relied on deposition testimony. Rule 56 specifically allows facts to be supported by reference to the record "including depositions." V.R.C.P. 56(c)(1)(A). If plaintiff wished to challenge the facts alleged, it was up to plaintiff to point to evidence in the

---

[1] Buyer's motion did not specify whether it was being filed as a motion to alter or amend under Vermont Rule of Civil Procedure 59(e) or whether it was intended as a motion for relief from judgment under Vermont Rule of Civil Procedure 60(b). Because it was filed within the ten-day time period, we treat it as a Rule 59(e) motion. See Reporter's Notes, V.R.C.P. 59 (explaining that motion for reconsideration filed within ten days of judgment treated as motion under Rule 59(e)). Therefore, appeal from the denial of that motion is treated as an appeal from the judgment. V.R.A.P. 3(a) (explaining that appeals taken from orders specified in Vermont Rule of Appellate Procedure 4(b), including Rule 59(e) motions, are treated as appeals from judgment).

record that either contradicted the statements made by defendants or affected the credibility of the statements.  Plaintiff failed to do this.[2]

Further, the court was not required to complete a full review of the evidence prior to granting summary judgment.  In evaluating a summary judgment motion, the court is required to consider "only the materials cited in the required statements of facts."  V.R.C.P. 56(c)(3).  It was plaintiff's responsibility to bring items in the record to the court's attention to establish a genuine issue of material fact.  See Webb v. Leclair, 2007 VT 65, ¶ 6, 182 Vt. 559 (mem.) (explaining that it is not the court's responsibility to sift through the evidence "to find contested and uncontested facts"); Travelers Ins. Co. v. Demarle, Inc., 2005 VT 53, ¶ 9, 178 Vt. 570 (mem.) (explaining that in opposing summary judgment plaintiffs could not rely on comment that was unverified and not brought to court's attention).  Therefore, there are no grounds to disturb the court's summary judgment ruling.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[2] In plaintiff's motion, he alleged that the deposition testimony on which defendants relied was inconsistent with the answer to an interrogatory.  He did not, however, provide the interrogatory response, and it was not otherwise in the trial court file.  The trial court rejected that argument.  It has not been renewed in this Court.