### In re Appeal of Margaret CHATELAIN and Theodore Gabler; Appeal of Daniel Boyd

[664 A.2d 269]

No. 94-313

June 28, 1995. The Bristol Rescue Squad appeals from an order of the Addison Superior Court denying its permit application to construct a building to house an emergency medical response service. We affirm.

On December 20, 1991 the Bristol zoning administrator granted appellant's construction permit application, and the administrator's decision was upheld by the Village of Bristol Zoning Board of Adjustment on February 6, 1992. Neighboring property owners filed a timely notice of appeal to the Addison Superior Court, and after a hearing on the merits, the court held that the proposed building did not meet the definition of a "community facility" under the Bristol zoning ordinance. The court also concluded that the proposed facility did not meet applicable parking and noise-limitation requirements, but because we conclude that the first issue is dispositive, we do not address these latter issues.

The proposed facility is located in a "high density residential" district, and the only permitted uses by right within this zone are family dwellings, accessory buildings, home occupations and community facilities. Village of Bristol, Vt., Zoning Regulations § 1002(B)(1) (1987). The village's zoning ordinance defines "community facility" as "[any] meeting hall, place of assembly, museum, art gallery, library, school, church, or other similar type of establishment which is not oper-

ated primarily for profit, excluding government facility." *Id.* § 130. The superior court noted that because the proposed facility was designed to serve as a rallying point for the delivery of emergency services, it did not fit within the enumerated purposes of the ordinance.

We agree that the terms "meeting hall" and "place of assembly" could be construed to encompass a facility in which emergency personnel gather. Zoning ordinances are construed according to normal rules of statutory construction. See *Houston v. Town of Waitsfield*, 162 Vt. 476, 479, 648 A.2d 864, 865 (1994). We will uphold a trial court construction unless it is "clearly erroneous, arbitrary or capricious." *Id.* To construe "meeting hall" and "place of assembly" in a manner that would include the rapid gathering of emergency personnel would be incongruous with the other terms in the definition. See *Vermont Baptist Convention v. Burlington Zoning Bd.*, 159 Vt. 28, 30, 613 A.2d 710, 711 (1992) (construing zoning ordinance in accordance with rule of ejusdem generis*). Other "similar" uses, such as museum, art gallery, library, school, or church suggest gatherings of people for purposes that are quiet and have no adverse impact on surrounding lands. In addition, the enumerated activities connote purposes which can be accomplished within the facility, as opposed

---

* Ejusdem generis is a rule of statutory construction that means where general words follow enumerations of particular items, the general words shall be construed in a manner consistent with the general nature of the enumerated items. Black's Law Dictionary 464 (5th ed. 1979).

to those which occur off-site. Assemblies for the delivery of emergency services are not consistent with the residential nature of the zone. We uphold the trial court determination that the proposed building is not a community facility.

Appellant argues that because the board of adjustment found that the proposed building fell within the "community facility" definition, we must accord great deference to the board's interpretation of its own ordinance. See *In re Duncan*, 155 Vt. 402, 408, 584 A.2d 1140, 1144 (1990). Here, however, the board's finding was conclusory; it failed to offer any reason or rationale for its decision. Moreover, there is no evidence of how the term "community facility" has been interpreted in other cases. Thus, there is "no indication of a consistent interpretation of the [zoning] provision" to which we must give deference. *In re Vermont Nat'l Bank*, 157 Vt. 306, 313, 597 A.2d 317, 320 (1991).

*Affirmed.*