STATE OF VERMONT

SUPERIOR COURT                                      ENVIRONMENTAL DIVISION

In re: Bowen Conditional Use Application    }    Docket No. 93-6-10 Vtec

Decision and Order on
Appellant-Applicant's Motion for Reargument or to Alter or Amend

Appellant-Applicant Valorie Bowen (Applicant) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Richford, denying conditional use approval of an application at her residential property in the Conservation 1 zoning district, characterized by her as being for an outdoor recreation use. Applicant is represented by Barry Kade, Esq.; and the Town of Richford is represented by Michael S. Gawne, Esq.

The proposed business involves bringing in mined dirt from a mine or mines in Maine, containing various mineral samples mixed in the dirt. Applicant proposes to allow customers to park in a parking area at the site, proposes to allow customers to purchase the mined dirt by the bucket, and proposes to provide the customers at the site with the use of various tools and facilities, including a portable sluice, to extract mineral specimens on-site from the dirt they have purchased. Applicant also proposes to provide portable toilet facilities at the property for the use of the customers, and to erect a canopy over the customers' working area.

The present application resulted from this Court's remand of an earlier application for the same project, Docket No. 144-7-09 Vtec, which had been warned for consideration as a commercial use variance for a use not allowed in the Conservation 1 zoning district, rather than under the use categories of "home occupation" or "outdoor

1

recreation" (which are allowed as conditional uses in the Conservation 1 zoning district).

On November 29, 2010, the Court issued a decision and order in the present case on cross-motions for summary judgment, ruling that Applicant's proposed mine dirt importing, sales, and screening/sluicing business did not fall within the use category of "outdoor recreation" as that term is defined in § 7.2 of the 2005 Zoning Bylaws,[1] and that therefore it was not eligible to be considered for conditional use approval in the Conservation 1 zoning district. In re: Bowen Conditional Use Application, No. 93-6-10 Vtec (Vt. Sup. Ct. Envtl. Div. November 29, 2010) (Wright, J.) (hereinafter "the Summary Judgment Decision"). On December 13, 2010, which is fourteen calendar days later, but is only ten days later if intervening weekend and holiday days are excluded, Applicant moved for reargument pursuant to V.R.A.P. 40. Applicant later requested the Court to consider the motion as a motion to alter or amend under V.R.C.P. 59(e) if V.R.A.P. 40 is inapplicable.

## Court Rule Applicable to the Motion

A motion for reargument under V.R.A.P. 40 is intended to provide the moving party with the opportunity to identify points of law or fact which the Court either "overlooked or misapprehended and which would probably affect the result." V.R.A.P. 40. A V.R.A.P. 40 motion for reargument must be filed within 14 days after entry of judgment; that time may be shortened or enlarged by court order.

A motion to alter or amend under V.R.C.P. 59(e) is similarly intended to correct manifest errors of law or fact that would result in injustice, but because it is applicable to the trial courts it allows consideration of newly discovered evidence or an intervening change in the law, as well as errors of fact and of law. See In re Vanishing

---

[1] The use category "outdoor recreation" is defined in § 7.2 under the entry "Recreation-Outdoor."

2

Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.0 (2d ed. 1995)). A V.R.C.P. 59(e) motion is required to be served within 10 days after entry of the judgment. That time is calculated without counting Saturdays, Sundays, or legal holidays, V.R.C.P. 6(a); it may be enlarged by motion upon a showing of excusable neglect, but may not be enlarged more than 20 additional days, as provided in V.R.C.P. 6(b).

Appeals to this Court are governed by V.R.E.C.P. 5, which provides that, "except as modified by [V.R.E.C.P. 5 and 2(b)–(e)], the Vermont Rules of Civil and Appellate Procedure, so far as applicable, govern all proceedings under this rule." V.R.E.C.P. 5(a)(2). For the purposes of this Court's decisions at least in appeals that are heard de novo, since the Court considers facts as well as law, V.R.C.P. 59 is the applicable rule. Applicant's motion was timely filed within the ten-day time limit required by V.R.C.P. 59(e), and the Court will proceed to consider it under V.R.C.P. 59(e), as the question of whether V.R.C.P. 59(e) or V.R.A.P. 40 is applicable has not previously been resolved by this Court, and the two rules serve essentially the same function.


Applicant's Request to Extend the Time for Filing an Appeal

Applicant's request to extend the time for filing an appeal is premature as, under V.R.A.P. 4, the time for appeal is to be computed from the present order on the V.R.C.P. 59(e) motion to alter or amend the judgment.


Standard Applicable to the Motion

Vermont Rule of Civil Procedure 59(e) is a codification of the trial court's "inherent power to open and correct, modify, or vacate its judgments." Drumheller v. Drumheller, 2009 VT 23, ¶ 28 (citing West v. West, 131 Vt. 621, 623 (1973)). A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party

3

against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)).

More specifically, the limited functions of a motion to alter or amend a judgment are "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.0 (2d ed. 1995)); see also Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.). On the other hand, Rule 59(e) should not be used to "relitigate old matters" or to "raise arguments or present evidence that could have been raised prior to entry of the judgment," id.; that is, the moving party's mere disagreement with the court's decision is not grounds for reconsideration. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).

Applicant's Motion to Alter or Amend

Applicant asks the Court to alter its decision that the proposed mine dirt importing, sales, and screening/sluicing business does not fall within the use category of "outdoor recreation," as that term is defined in § 7.2 of the 2005 Zoning Bylaws. Applicant has not raised any arguments or presented any facts that were not raised or could not have been raised in the memoranda on summary judgment. Applicant essentially argues again that the Court should construe the term "outdoor recreation" to mean that all outdoor activities which participants pay for and enjoy should be considered to be "outdoor recreation," and should therefore be allowed as a conditional use in the Conservation 1 zoning district, or that the Court should conclude that the

4

proposed mine dirt importing, sales, and screening/sluicing business is a "similar place[] of outdoor recreation" to the outdoor recreation activities listed in the definition. Applicant's Mot. for Reargument at 2.

The Court has fully considered the evidence and arguments submitted with the motions for summary judgment and the present motions, and declines to alter the result. The Court is required to interpret the ordinance phrase "similar places of outdoor recreation" in the context of the stated intent of the ordinance with regard to the Conservation 1 district. See In re Casella Waste Mgmt., Inc., 2003 VT 49, ¶ 6, 175 Vt. 335 (paramount function of the court is to give effect to the legislative intent). Thus, as fully discussed in the Summary Judgment Decision, slip op. at 7, the Court's construction of the term "outdoor recreation" under § 7.2 is based on the 2005 Zoning Bylaws' intent to restrict the uses allowed in the Conservation 1 zoning district to those compatible with the purposes of the district stated in the ordinance: "to protect the scenic and natural resource values of [the Conservation 1 district] for . . . outdoor recreation," and to encourage "only limited low-density development" in that district. § 4.7.1.

Also as fully discussed in the Summary Judgment Decision, slip op. at 7, courts interpret a general term that follows a list of specific terms to be consistent with those specific terms. See Appeal of Chatelain, 164 Vt. 597, 597-98 (1995). Thus, the general term "and similar places of outdoor recreation" cannot be given the unlimited reading that Applicant suggests. Instead, it can only include those uses that are substantially similar to the specifically listed uses. As the Court concluded in the Summary Judgment Decision, the proposed mine dirt importing, sales, and screening/sluicing business is not substantially similar to the specifically listed activities.

In Appeal of Chatelain the Supreme Court analyzed the use category "community facility," which was defined in the zoning ordinance as "[any] meeting hall, place of assembly, museum, art gallery, library, school, church, or other similar

5

type of establishment which is not operated primarily for profit, excluding [a] government facility." Chatelain, 164 Vt. at 597-98. The Supreme Court concluded that the definition did not include, as an "other similar type of establishment," the proposed building intended to house the Bristol Rescue Squad. The Supreme Court determined that the proposal was not similar to the types of establishment listed in the definition because it would not be similarly quiet as were the listed uses, and because, unlike the listed uses, the primary activities of the Rescue Squad would not occur within the proposed building. Id.

Although the Summary Judgment Decision did not cite Appeal of Chatelain, this Court applied the same type of analysis as in Chatelain, in concluding that Applicant's proposed mine dirt importing, sales, and screening/sluicing business is not similar to the specific uses listed in the definition of outdoor recreation in the 2005 Zoning Bylaws.

Applicant notes that four of the "places of outdoor recreation" listed in the definition—skating rinks, tennis courts, swimming pools, and archery ranges—could be provided either in indoor or outdoor facilities. Applicant argues that such facilities therefore do not rely on the scenic and natural resources values of the surrounding land or need to be located in the Conservation 1 district. Applicant's Mot. for Reargument at 2. Applicant asks the Court to conclude that the proposed mine dirt importing, sales, and screening/sluicing business, which does not rely on the scenic and natural resources values of the surrounding land or need to be located in the Conservation 1 district, should therefore fall within the outdoor recreation use category. Applicant's Reply to Appellee's Mem. in Opposition at 2.

The fact that some of the places of outdoor recreation listed in the definition could instead be provided in indoor facilities does not change the Court's conclusion that the proposed mine dirt importing, sales, and screening/sluicing business is not similar to the uses listed in the "outdoor recreation" definition. Indeed, the ordinance also contains a use category for "indoor recreation facility" that includes indoor

6

swimming pools and skating rinks, as well as "hobby workshops" and "similar places of indoor commercial recreation." As discussed in the Summary Judgment Decision, slip op. at 8, Applicant's proposed mine dirt importing, sales, and screening/sluicing business is similar to a pottery studio or similar commercial business in which supplies are sold to the customer and the necessary equipment to work with those supplies is provided to the customer on-site. The proposed mine dirt importing, sales, and screening/sluicing business, if it were to be conducted indoors, might well come within the "indoor recreation facility" definition, because it is similar to a "hobby workshop" and is a place of "commercial recreation." But "indoor recreation facilities" are not allowed uses in the Conservation 1 zoning district, they are only allowed as permitted uses in the Commercial zoning district, and as conditional uses in the Commercial/Light Industrial zoning district.

The test of whether Applicant's proposed mine dirt importing, sales, and screening/sluicing business is a "similar place of outdoor recreation" to those listed in the definition is not determined by how much the participants enjoy the activity or whether they think of it as outdoor recreation, but whether the activity is objectively similar to those listed in the definition. The Court viewed the video exhibit submitted by Applicant as illustrative of Applicant's intended proposal, as proffered in her Supplemental Affidavit filed August 13, 2010, and fully considered both her description of the proposal and the video illustration of the proposal in connection with the Court's determination that Applicant's proposed mine dirt importing, sales, and screening/sluicing business is not similar to the places of outdoor recreation listed in the definition. The video exhibit raises no disputed questions of fact regarding the nature of the activity, and does not suggest that any evidentiary hearing is required. Rather, it simply illustrates Applicant's description of the proposed activity, which is not contested by the Town.

7

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's Motion to Alter or Amend the Judgment is DENIED, concluding this case.

Done at Berlin, Vermont, this 10th day of February, 2011.

_____
Merideth Wright
Environmental Judge