STATE OF VERMONT

SUPERIOR COURT                           ENVIRONMENTAL DIVISION

|                                              |     |                          |
|----------------------------------------------|-----|--------------------------|
|                                              | }   |                          |
| In re Moore Accessory Structure Permit       | }   | Docket No. 161-8-09 Vtec |
| (Appeal of Smith and Siebeck)                | }   |                          |
|                                              | }   |                          |

Decision and Order on Cross-Motions to Alter or Amend or for Reconsideration

Appellants Gary Smith and Betsy Siebeck (Appellants) appealed from a July 18, 2009 decision of the Zoning Board of Adjustment (ZBA) of the Town of Pomfret, related to property of A. David Moore located at 6872 Pomfret Road. The ZBA decision upheld the Zoning Administrator's grant of Permit #08-8 to construct a new building on David Moore's property to house a wood planer and to store wood shavings. The ZBA decision also upheld the Zoning Administrator's March 25, 2009 and April 15, 2009 determinations that the existing structures and uses on David Moore's property were in compliance with the Pomfret Zoning Ordinance.

Appellants are represented by Marsha Smith Meekins, Esq.; Appellees A. David Moore, his sister Emily Moore Grube, and the Moore Family Partnership, LP (Appellees) are represented by A. Jay Kenlan, Esq.; and the Town of Pomfret is represented by Amanda S.E. Lafferty, Esq.

On October 11, 2010, the Court issued a decision resolving the cross-motions for summary judgment filed in this case. In re: Moore Accessory Structure Permit, No. 161-8-09 Vtec (Vt. Sup. Ct. Envtl. Div. Oct. 11, 2010) (Wright, J.) (hereinafter "Summary Judgment Decision"). The Court resolved the issue of whether any of the uses on the property were in violation, and determined that three of the buildings are larger than the size eligible for an exemption—the Newman Planer/Shavings

1

building, the WoodMizer Sawmill Shed, and the Lumber Drying Kiln—and therefore require zoning permits under Part 7 of the Zoning Ordinance, unless Appellees are able to show at trial that the sawing of logs and/or the drying and planing of lumber are considered to be "farming" or "agricultural use." Appellants and Appellees have each moved to alter or amend the judgment pursuant to V.R.C.P. 59(e).[1] The Town took no position with respect to the original motion for summary judgment, and has similarly filed no memoranda with respect to the present motions.

Standard Applicable to a Motion to Alter or Amend a Judgment

A Rule 59(e) motion allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party. E.g., Drumheller v. Drumheller, 2009 VT 23, ¶ 28, 185 Vt. 417; In re Kostenblatt, 161 Vt. 292, 302 (1994). Disposition of a Rule 59 motion is committed to the court's sound discretion. Rubin v. Sterling Enters., Inc., 164 Vt. 582, 588 (1996); Alden v. Alden, 2010 VT 3, ¶ 7 (mem.).

More specifically, the limited functions of a motion to alter or amend a judgment are "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); see also Appeal of Van

---

[1] As well as the issues discussed in this decision, Appellants raised, and then withdrew as premature, five other issues.

2

<u>Nostrand</u>, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.). Rule 59(e) should not be used to "relitigate old matters" or to "raise arguments or present evidence that could have been raised prior to entry of the judgment." <u>Id</u>. (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Mere disagreement by the moving party with the court's decision is not grounds for reconsideration. <u>In re Boutin PRD Amendment</u>, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.). The Court has thoroughly reviewed the original summary judgment materials and memoranda in light of the motions to alter and amend, and rules as follows.

<u>Appellants' Request to Strike</u>

As a preliminary matter, Appellants ask that the Court strike Appellees' references to settlement efforts, made on page 6 of Appellees' Response to Appellants' Motion to Alter and Amend. Appellants' Reply to Appellees' Mem. in Opp'n at 1. Vermont Rule of Evidence 408, which excludes settlement offers from evidence at trial, reflects an important policy of judicial administration: to encourage parties to negotiate and discuss settlement without fear of later disclosure of those efforts. "Statements made in the course of negotiations . . . are also made inadmissible to encourage freedom of communication in negotiations . . . ." Reporter's Notes, V.R.E. 408. Although the present request is not made in the context of an evidentiary ruling, the Court will implement this important policy by GRANTING Appellants' request to strike. The Court therefore has disregarded the second sentence in the final paragraph of Appellees' responsive argument.

3

<u>Appellants' Motion to Alter and Amend</u>

<u>Correction of Footnotes 4 & 5 (and related text)</u>[2]

Appellants ask the Court to alter what they characterize as two incorrect "finding[s]" made by the Court, one at footnote 4 of the Summary Judgment Decision, and one at footnote 5. Appellants' Mot. to Alter and Amend at 1–2.

First, it is important to recognize that, because this was a summary judgment decision, the Court actually made no "findings," but merely stated such facts that were presented as undisputed by the parties, based on their filings and giving each party the benefit of the doubt with respect to the other party's motion. E.g., <u>City of Burlington v. Fairpoint Commc'ns</u>, 2009 VT 59, ¶ 5, 186 Vt. 332. In considering a motion for summary judgment, it is not the function of the trial court to make any findings on disputed facts. <u>Blake v. Nationwide Ins. Co.</u>, 2006 VT 48, ¶ 21, 180 Vt. 14 (citing <u>Fritzeen v. Trudell Consulting Engineers, Inc.</u>, 170 Vt. 632, 633 (2000) (mem.)).

Although Appellants' requested alterations to footnote 4 do not change the underlying undisputed facts stated in the Summary Judgment Decision about Appellee David Moore's initial 1973 application, Appellants did provide, in their Exhibit B, the initial (rejected) March 1973 permit application, as well as the minutes of the ZBA's April 16, 1973 meeting on that application, together with a statement of the denial signed by the ZBA Chairman (entitled "Findings re A. David Moore application"). Neither the minutes nor the ZBA Chairman's statement reflects any vote by the ZBA on the application. The exhibit is consistent with the statements in the David Moore affidavit that the ZBA had denied approval because the landowner was incorrectly stated on the application as being David Moore, rather than his

---

[2] Any necessary corrections will be made to the electronic copy of the Summary Judgment Decision posted on the Court's website, as well as being noted on the copies in the Court's files.

4

parents Dorothy and Hewitt Moore.

Although this alteration does not change the analysis in any way, the Court has corrected footnote 4 of the Summary Judgment Decision by deleting the first phrase of the second sentence, as follows:

[4] Paragraphs 14 through 17 of David Moore's Affidavit reflect that he obtained title to this property after an initial application for the same structure and use was rejected by the ZBA due to his not having title to the underlying land. The ~~parties have not provided a copy of this rejected permit; the~~ ZBA decision to reject the initial permit application for that reason does not appear to have been appealed.

Similarly, Appellants ask the Court to alter footnote 5 of the Summary Judgment Decision, which states that the parties did not provide a written decision of the ZBA approving the May 1973 Organ Shop application or the minutes of the meeting at which the vote was taken to grant that approval, and that no conditions are stated in the section of the application form allocated to record the ZBA's ruling on whether the decision is approved or denied and any conditions imposed.

Although Appellants' requested alterations to footnote 5 do not change the underlying undisputed facts stated in the Summary Judgment Decision about Appellee David Moore's second 1973 application, Appellants did provide, in their Exhibit B, the minutes of the ZBA's May 14, 1973 meeting on Appellee David Moore's revised 1973 application, together with a statement of the approval signed by the ZBA Chairman (entitled "Findings re A. David Moore application"). Neither the minutes nor the ZBA Chairman's statement reflects any vote by the ZBA on the application. Although the space on the application form for the ZBA's conditions does not show any conditions, the ZBA Chairman's statement of the approval states that the ZBA approved the application with three "added provisions" or conditions: that the rear of the building be located no less than forty-five feet "from the next property line"; that the ten-acre lot be identified at the corners by surveyor's

monuments, vertical pipes in concrete, or stone posts; and that the exterior construction of the building be complete within one-year of the commencement of construction.

Although this alteration does not change the analysis in any way, the Court has corrected footnote 5 by deleting the phrases shown as struck through in the first sentence, and by adding the following language shown in bold type:

> [5] No party has provided ~~a written decision of the ZBA or~~ the minutes of the meeting ~~at which~~ **showing** the vote ~~was~~ taken to grant this approval or to impose conditions**; the minutes of the May 14, 1973 meeting only contain a discussion of the application.** No conditions appear on the portion of the application form in which the ZBA's decision is noted as having been approved**; however, a statement entitled "Findings" of the ZBA's 1973 approval of the Organ Shop signed by the ZBA Chairman states that the ZBA had imposed three conditions: that the rear of the building must be located no closer than 45 feet from the property line, that the corners of the parcel be identified with markers on the ground, and that the exterior of the building be completed within a year of commencement of construction.**

For consistency, the first three sentences of the first paragraph on page 18 have also been amended, as follows:

> However, the 1973 Organ Shop Permit contains no express conditions, and, **assuming that the ZBA Chairman's brief written statement of the ZBA's "findings" reflects an actual vote of the ZBA, the conditions imposed by the ZBA do not limit the intensity of use or prohibit** ~~no party suggests that any are contained in any written decision issued by the ZBA on that application. Therefore, nothing in the 1973 Organ Shop Permit prohibits~~ the continued use of some or all of the property for agriculture or other uses not requiring a zoning permit. To be enforceable, conditions must be expressly stated either on the face of the permit or the permit decision. In re Kostenblatt, 161 Vt. 292, 299 (1994).

Purpose of Partnership Formation

Appellants also ask the Court to alter the fact stated as the last sentence on page 5 of the Summary Judgment Decision that the Moore Family Farm Limited Partnership was formed in 1993 for the "purpose of maintaining the farm in cooperative agricultural use by family members." Appellants' Mot. to Alter and Amend at 2. First, this fact, taken from Appellees' Joint Affidavit, ¶ 7, is simply a background fact about the history of the property's ownership. Unlike a case in which a witness' state of mind is at issue, which is generally not suitable for summary judgment, see Barbagallo v. Gregory, 150 Vt. 653 (1988) (mem.), this fact is not material to or determinative of any of the issues in this appeal. In any event, Appellants have provided no evidence to support their claim that this fact is disputed. "Mere allegations of counsel unsupported by documented evidence are not enough to create a genuine issue of material fact." Progressive Ins. Co. v. Wasoka, 2005 VT 76, ¶ 25, 178 Vt. 337. Accordingly, the Court declines to alter the text of its decision on this point.

Absence of Use Violations

Finally, Appellants argue that the Court should alter its determination that the uses on the David Moore Parcel, as contrasted with the buildings, are not currently in violation of the Zoning Ordinance. Appellants' Mot. to Alter and Amend at 2. Specifically in support of this argument, Appellants state that "Appellee's operation of the Newman Planer constitutes a violation of the 1997 Garage/Storage Permit." If operation of the Newman Planer equipment in the Garage/Storage building is a violation of the 1997 Garage/Storage Permit, it is a violation of the permit for that particular building; it would not make the planing of lumber a prohibited use on the property under the Zoning Ordinance. Appellants have reiterated their arguments made on summary judgment, but point to no

7

manifest error of law or fact. After thoroughly reviewing the memoranda and associated materials filed in support of the parties' motions for summary judgment, the Court declines to alter or amend the Summary Judgment Decision on this point.

Appellees' Motion to Alter or Amend

Destination of materials produced in the buildings at issue

Appellees ask the Court to reconsider its analysis, found at footnote 24 of the Summary Judgment Decision, that the ultimate destination of a product or material for use on a farm cannot in and of itself be determinative of whether the building in which that product or material is manufactured or produced is considered to fall within the definition of a "farm structure" in 24 V.S.A. § 4413(d)(1) (which in turn refers to the definition of farming in 10 V.S.A. § 6001(22)). Appellees' Mot. to Alter or Amend at 1-2.

On this point, Appellees have reiterated their arguments made on summary judgment, but have provided no additional evidence or new legal argument. Appellees' contention that the processing of lumber to be used for the maintenance and repair of farm structures[3] is an activity traditionally associated with farming or agricultural practices, and therefore should be considered to be an "agricultural use" under the Zoning Ordinance, is not precluded by the Summary Judgment Decision. Rather, it remains for the evidentiary hearing contemplated by that decision. Similarly, that evidentiary hearing is necessary to determine whether the buildings in which David Moore processes timber into lumber for use on the Farm-related Properties should be considered to fall within the statutory definition of "farm structure," as buildings used for "carrying out other practices associated with

---

[3] In fact, the lumber has been used not only for the construction and repair of farm structures such as barns and sap houses, but for the farm residences, which are excluded from the definition of farm structure under 24 V.S.A. § 4413(d)(1).

8

accepted agricultural or farming practices, . . . as 'farming' is defined in 10 V.S.A. § 6001(22)." 24 V.S.A. § 4413(d)(1).

As explained in the Summary Judgment Decision, an evidentiary hearing is necessary, however brief it may be, to hear expert or other evidence as to whether the sawing of logs and/or the drying and planing of lumber from those logs is a "practice associated with accepted agricultural or farming practices" as farming is defined in 10 V.S.A. § 6001(22), whether it is considered as the "preparation of agricultural products" under 10 V.S.A. § 6001(22)(E), or whether it is an "agricultural use" under § 6.3 of the Zoning Ordinance. If the source of the logs on the farm property, and/or the destination of the lumber to be used on the farm property, is relevant to that determination, it may be proffered in evidence at that hearing.

<u>Scope of municipal exemption for "agricultural use" as distinct from state exemption.</u>

Appellees also ask the Court to amend its decision to recognize the municipal exemption for buildings for "agricultural use" found in § 5.3 of the Zoning Ordinance (for buildings under the exempt size) and in § 6.3 of the Zoning Ordinance (for buildings over the exempt size). Such an amendment is unnecessary, as the Summary Judgment Decision already recognizes that the buildings larger than the exempt size could still qualify for an administrative permit under § 6.3, rather than requiring approval of the ZBA under § 7, if the sawing of logs and/or the drying and planing of lumber from those logs is an "agricultural use." The Summary Judgment Decision simply left for trial any expert or other evidence on this disputed fact.[4]

---

[4] The consistent interpretation of a zoning ordinance by a municipal panel "can be

9

Because the buildings that continue to be at issue in this appeal are larger than the exempt size, the Summary Judgment Decision did not address whether they might qualify for the § 5.3 exemption instead of for § 6.3. However, the disputed material fact—whether the sawing of logs and/or the drying and planing of lumber from those logs is an "agricultural use"—is the same disputed fact regardless of which exemption section is applicable. This fact remains for trial.

Appellees' request for clarification

Appellees also ask the Court to clarify that the replacement of the circular sawmill with the WoodMizer Bandsaw Sawmill and the addition of the Newman Planer are not changes in use of Appellees' property that require either new zoning permits or amendments to existing zoning permits. To the extent that this issue relates to the Zoning Administrator's denials of Appellants' requests for enforcement, it does not request an impermissible advisory opinion.

However, the Summary Judgment Decision already explained, at 16, that nothing in the Zoning Ordinance prohibits multiple uses of a given property. The WoodMizer Bandsaw Sawmill and the Newman Planer are pieces of equipment that in and of themselves do not change the use of the property. Although a permit amendment could be necessary if the substitution of such new equipment was

---

determinative in a close case," In re Korbet, 2005 VT 7, ¶ 10, 178 Vt. 459 (quoting In re Maple Tree Place, 156 Vt. 494, 500 (1991)). However, the weight to be accorded to such an interpretation "depends on the explanation of 'a reason or rationale for [the] decision'" as well as "a demonstration that the interpretation has been consistent." Korbet, 2005 VT 7, ¶ 10 (quoting In re Appeal of Chatelain, 164 Vt. 597, 598 (1995) (mem.); see also Champlain Coll. Maple St. Dormitory, 2009 VT 55, ¶¶ 11–14. None of the permits or decisions in the history of the present property, provided by the parties in connection with the summary judgment motions, contains a reason or rationale for its decision or any demonstration that the interpretation has been consistent beyond the present case.

anticipated to affect any condition of any existing permit, in the present case the existing permits do not contain explicit conditions related to the ongoing operation of the equipment.

Based on the foregoing it is hereby ordered and adjudged that both parties' motions to alter or amend are DENIED, except that footnotes 4 and 5 and the first paragraph on page 18 are corrected as discussed above.

A telephone conference has been scheduled to discuss the extent of trial necessary on the disputed facts remaining after the Summary Judgment Decision, and to determine which questions in the Statement of Questions have been resolved by the Summary Judgment Decision (see enclosed notice).

Done at Berlin, Vermont, this 17th day of February, 2011.

_____

Merideth Wright
Environmental Judge